IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| 'JR' Kelvin Cornelius Thomas Jr, ) | Case No.: 4:25-0206-JD |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| 3 Different Contract Companys, Horry ) | |
| County Police Department, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 15), made under Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's initial review of 'JR' Kelvin Cornelius Thomas Jr.'s ("Plaintiff") pleadings.[1]

**A. Background**

The Report and Recommendation sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary, taken as true from the Complaint.

Plaintiff, proceeding *pro se*, sued Defendants 3 Different Contract Companys Construction and Horry County Police Department (collectively "Defendants")

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

purportedly under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17, Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634, and Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.[2] (DE 11.) Plaintiff's amended complaint alleges discrimination based on race, gender, religion, age, and national origin, asserting 1) failure to hire, 2) failure to accommodate a disability, and 3) unequal terms and conditions of employment. (*Id.* at 4-5.) Plaintiff's amended complaint offers these facts to support his contention, "Me haveing to sign for a hate crime in SC, Myrtle Beach, Horry County,-is life threatening. I stand for the Title VII and won't stop fighting." (DE 11 at 5) (errors in original).

## B. Report and Recommendation

The Magistrate Judge reviewed Plaintiff's *pro se* amended complaint under the procedural provisions of 28 U.S.C. § 1915 and under a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Accordingly, on February 12, 2025, the Magistrate Judge issued the Report based on a review of the pleadings. (DE 15.) The Report said, "[a]s filed, Plaintiff has not stated a claim to garner federal subject matter jurisdiction." (DE 15 at 2.) The Report found:

---

[2] On January 21, 2025, the Magistrate Judge issued a Proper Form Order (DE 6) notifying Plaintiff that his Complaint was subject to summary dismissal because he failed to allege sufficient factual allegations to state a claim. The order further advised Plaintiff he had until February 11, 2025, to file an amended complaint or otherwise cure the identified deficiencies in his pleadings. (*Id.*) Plaintiff filed an Amended Complaint on February 10, 2025. (DE 11.)

> This Court has no diversity jurisdiction over this case because Plaintiff listed a South Carolina address for himself and for Defendants. Further, Plaintiff pleaded no plausible amount in controversy.

(DE 15 at 3.) The Report also stated, "[t]o the extent Plaintiff intended to state a claim pursuant to federal question jurisdiction, Plaintiff fails to sufficiently allege facts supporting such a claim." (*Id.*) Accordingly, the Report recommended that "the District Court dismiss the Complaint in this case without prejudice and without issuance and service of process." (*Id.* at 4.) Plaintiff did not object to the Report.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Since Plaintiff has not objected, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 15) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's amended complaint (DE 11) is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

March 26, 2025
Florence, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.